UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT BERRYHILL, | Civil Action No. 2:22-cv-2607 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| CENTRAL OHIO TRANSIT AUTHORITY | Jury Trial Demanded |
| Defendant. | |

Plaintiff, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiff Robert Berryhill is employed by Defendant Central Ohio Transit Authority ("COTA" or "Defendant") as a vehicle maintenance mechanic. Plaintiff works at the facility located at 5618 Great Woods Blvd., Columbus, Ohio.

2. Plaintiff brings this action against COTA to seek redress for deprivation of his rights afforded under Title VII of the Civil Rights Act of 1964, and the Ohio Fair Employment Practices Act (OFEPA) for discriminatory acts in which Plaintiff was subjected to a hostile work environment, discriminated against based upon his religion (Jewish) and retaliated against for his protected activity.

## PARTIES

3. Plaintiff was and still is a resident of the State of Ohio.

4. At all relevant times, Plaintiff worked at COTA's garage located at 5618 Great Woods Blvd., Columbus, Ohio.

1

5. Plaintiff is a covered employee within the meaning Title VII, 42 U.S.C. § 2000e *et seq.*, and the Ohio Fair Employment Practices Act §4112.01, *et seq.*

6. Defendant COTA was and still is a State agency department existing by virtue of the laws of the State of Ohio.

7. At all relevant times, Defendant COTA employed more than five hundred (500) employees.

8. Defendants are covered employers with the meaning of Title VII, 42 U.S.C. § 2000e *et seq.* and the Ohio Fair Employment Practices Act §4112.01, *et seq.*

### EEOC

9. Plaintiff filed a Verified Charge with the Equal Employment Opportunity Commission ("EEOC"). Simultaneously Plaintiff filed with the Ohio Civil Rights Commission. A copy of the Charge of Discrimination providing for dual filing with the Ohio Civil Rights Commission is attached.

10. Plaintiff's Verified Charge set forth Defendant's unlawful employment discrimination practices based upon Plaintiff's religion, including creating a hostile work environment, discrimination against Plaintiff on the basis of his religion and retaliating against Plaintiff for engaging in a protected activity.

11. The EEOC assigned Charge Number 532-2022-0037 to Plaintiff's Verified Charge.

12. On or about March 29, 2022, Plaintiff was issued a Right to Sue letter by the EEOC. A Copy of the Right to Sue letter are attached.

### VENUE

13. This Court has jurisdiction based upon federal question; 42 U.S.C. §§ 1331 and 1343; Title VII, 42 U.S.C. § 2000e et seq.

14. This Court has supplemental jurisdiction of the claims arising under the Ohio Fair Employment Practices Act §4112.01, *et seq*. in that the Ohio law claims are so closely related to Plaintiff's Title VII claims as to form the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conducts business through their employees, including Plaintiff, within this judicial district.

16. Compensatory and punitive damages are sought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

17. Costs and attorney's fees may be awarded pursuant to 29 U.S.C. § 621 *et seq.*, and Rule 54 of the Federal Rules of Civil Procedure.

## FACTS

### *Plaintiff's Religious and Employment Background*

18. Plaintiff is of the Orthodox Jewish religion and observes all of the duties and customs of such religion, including, but without limitation, a Kosher lifestyle.

19. When Plaintiff began his employment with COTA as a T-3 mechanic in 2019, he began his employment at the McKinney station which is located at 1600 McKinley Avenue.

20. In 2019, Plaintiff utilized the community refrigerator provided to all employees in the common area of the workplace.

21. However, Plaintiff found that the community refrigerator was dirty, contained smells which would permeate Plaintiff's food, and that Plaintiff's food items would be constantly touched and moved around so that others could reach their items in the refrigerator.

22. In several instances, Plaintiff would find grease and handprints on his items.

23. In another instance, Plaintiff found that another employee's ribs had fallen over, and all of the rib liquid and juice was covering Plaintiff's Kosher food which then Plaintiff had to discard.

24. Plaintiff was discussing this with a few co-workers who were of the Muslim faith, and they informed him that they had purchased their own mini refrigerators to keep their Halal food in during the workday.

25. Due to his religious customs, Plaintiff brought in a mini refrigerator and placed it on the bench at his workstation to keep his food and drinks in to assist in his Kosher practice.

26. Plaintiff found that it was common for employees at COTA to keep refrigerators at their workstations as most of the mechanics kept them. In fact, most are larger in size than Plaintiff's. At the McKinley station, even the supervisors had mini refrigerators.

27. Plaintiff also maintained the mini refrigerator as a result of the COVID-19 pandemic in which he limited is contact with the property of others and was able to limit the number of common surfaces he would have to touch in a regular workday.

28. At bid time, Plaintiff did not maintain enough seniority to stay at the McKinley station and was sent to the Fields station.

29. As Plaintiff was getting settled at Fields, Plaintiff began to hear discussions that some co-workers were complaining about Plaintiff's use of his mini refrigerator.

30. It also came to Plaintiff's' attention that one of the mechanics who was making complaints about Plaintiff's mini refrigerator actually had one of his own in his workspace.

31. After working at the Fields location for approximately one month, Plaintiff was approached by a supervisor and ordered to remove his mini refrigerator and take it home.

32. Plaintiff was then provided a "policy" which Plaintiff had never seen before forbidding mini refrigerators such as Plaintiff's. The "policy" was not on Defendant letterhead and was not signed.

33. Plaintiff advised that this was needed due to his religious beliefs and the therefore informed his supervisor that this was a religious accommodation.

34. While Plaintiff maintained his mini refrigerator, he has had to place a note on top saying "Keep Your Hands Off," as multiple times Plaintiff has found that items were missing from his refrigerator, tobacco spit cups were placed on top of it and other harassing items have been placed in and around it.

35. To Plaintiff's information and belief, no other employee had these types of items left on their refrigerator or in their workplace.

36. It is Plaintiff's understanding that no other employees were provided with the written policy pertaining to micro-fridges.

37. It is Plaintiff's understanding that his co-workers of other faiths continue to have their own micro-fridges, without any interference from COTA management.

38. Plaintiff has made complaints about this harassment to Defendant as they would occur.

39. On or about October 15, 2021, Plaintiff came to work for his shift and noticed that someone had approached his mini refrigerator and had turned the note that he left upside down. Plaintiff again took a picture and forward this to his supervisor, Brian Ware.

40. Plaintiff asked Brian Ware for the security footage from the security cameras that were set up through the establishment but was told that there was no footage despite the fact that there is a camera which look right down the hallway towards Plaintiff's workspace.

41. On the evening of October 29, 2021, Plaintiff arrived at work for the start of his 10:00pm shift and found a harassing note attached to his mini refrigerator which stated, "Take it Home."

42. Plaintiff took a picture of this note and forwarded such to his supervisor, Brian Ware.

43. On November 11, 2021, Trudy Towns and Rick Dooley requested a meeting with Plaintiff.

44. During this meeting, Plaintiff advised Trudy Towns that he needed a refrigerator and made a formal request for a religious accommodation. In response, Ms. Towns responded that she knew a lot of about requests for accommodations.

45. Defendant reiterated the policy that was provided to Plaintiff and when Plaintiff inquired as to what the undue hardship would be in allowing him the religious accommodation, all that Defendant responded with was "this is the policy, and it stands."

46. Plaintiff noticed that the "policy" was not on Defendant letterhead and was not signed. It was also not contained within the Employee Policy Manual.

47. Defendant demanded that Plaintiff remove his mini refrigerator even though no other employee was required to remove any mini refrigerator from their workplace and workers of the Muslim faith were allowed to keep their mini refrigerators for their religious purposes.

48. Plaintiff again requested the accommodation of a mini refrigerator and even offered to cover the energy costs for Defendant. However, he was denied the use of such without further explanation.

49. Plaintiff maintained his mini refrigerator on top of a three-tier cart and not on the floor of COTA property.

50. Plaintiff requested that Defendant not remove his mini refrigerator until this issue was resolved but Defendant refused to make such agreement.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Title VII Religious Discrimination*)

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

52. Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act, 42. U.S.C. § 2000e(f).

53. Defendant was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

54. Pursuant to Title VII, 42 U.S.C. § 2000e-2(a) it is unlawful for an employer to discriminate against any individual with respect to the "compensation, terms, conditions, or privileges of employment because of such individual's . . . religion."

55. Defendant committed numerous adverse acts against Plaintiff, including denying Plaintiff a religious accommodation and retaliating against Plaintiff under the terms and conditions of his employment as a result of his request for a religious accommodation while simultaneously allowing other employees who were not of the Jewish faith to maintain mini refrigerators.

56. The motivating factor for these adverse acts was Plaintiff's religion.

57. But for Plaintiff's religious practice, Plaintiff would not have been retaliated against nor the focus of harassing behavior.

58. Defendant's unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

59. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to severe emotional distress, mental anguish, pain and suffering.

### AS AND FOR THE SECOND CAUSE OF ACTION
(*Title VII Hostile Work Environment*)

60. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

61. Defendant engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to offensive and derogatory comments and harassing behavior, embarrassment and humiliation, and refusing to respond to Plaintiff's demands to cease and desist from such discrimination and harassment as well as denying Plaintiff a religious accommodation which forced him into situations in which he was not able to fully follow his sincerely held religious customs.

62. The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

63. The motivating factor for the hostile treatment of Plaintiff was Plaintiff's religion.

64. But for Plaintiff's religious practice, Plaintiff would not have been subject to a hostile work environment.

65. Plaintiff was forced to endure notes and harassment on the basis of his religion on a daily basis, a constant reminder that Jews are not welcome at the COTA facility.

66. Defendants' severe and pervasive harassment of Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

67. By engaging in the aforesaid acts, Defendant engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

68. As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE THIRD CAUSE OF ACTION
(*Title VII Retaliation*)

69. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

70. Pursuant to Title VII, 42 U.S.C. § 20000e-3(a), it is unlawful for an employer to discriminate against an employee because the employee opposed an "unlawful employment practice" under Title VII or because the employee has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" under Title VII.

71. By requesting a religious accommodation for a mini refrigerator for his Kosher religious beliefs and complaining of harassment and discrimination based upon his religious beliefs, Plaintiff opposed an unlawful employment practice and made a charge, testified, assisted or participated in an investigation, proceeding, or hearing within the meaning of 42 U.S.C. § 20000e-3(a).

72. By subjecting Plaintiff to offensive and derogatory comments, unwarranted criticisms and complaints, preparing a fictious policy directly solely at Plaintiffs' request for an accommodation, by allowing Plaintiff to be subject to harassing and derogatory treatment by coworkers despite complaints regarding such, and denying a religious accommodation which forced Plaintiff to be unable to fully follow his sincerely held religious customers and beliefs, Defendants retaliated against Plaintiff in violation of 42 U.S.C. § 20000e-3(a).

73. Defendant's acts of retaliation were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

74. As a result of Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to severe emotional distress, mental anguish, pain and suffering.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
(*OFEPA Religious Discrimination*)

75. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

76. Plaintiff was an employee within the meaning of Ohio Human Rights Law.

77. Defendant was an employer within the meaning Ohio Fair Employment Practices Act §4112.01

78. Pursuant to Ohio Fair Employment Practices Act §4112.02, *et seq.* it is unlawful for an employer because of an individual's religion to "discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

79. Defendant committed numerous adverse acts against Plaintiff, including denying a reasonable accommodation, allowing harassing conduct by other employees against Plaintiff, and retaliating against Plaintiff for making a request for a reasonable accommodation and creating a policy to combat Plaintiff's request for an accommodation as well as forcing Plaintiff to be unable to fully follow his sincerely held religious beliefs and customs.

80. The motivating factor for these adverse acts was Plaintiff's religion.

10

81. But for Plaintiff's religious practice, Plaintiff would not have been retaliated against and would not have been subject to the harassing conduct which Defendant was advised of and failed to investigate and allowed to continue.

82. Defendant's unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

83. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(*OFEPA Hostile Work Environment*)

84. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

85. Defendant engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to offensive and derogatory comments, unwarranted criticisms and complaints, embarrassment and humiliation, refusing to respond to Plaintiff's demands to cease and desist from such discrimination and harassment, and denying a religious accommodation which forced Plaintiff to be unable to fully follow his sincerely held religious beliefs and customs.

86. The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

87. The motivating factor for the hostile treatment of Plaintiff was Plaintiff's religion.

88. But for Plaintiff's religious practice, Plaintiff would not have been subject to a hostile work environment.

89. Defendant's severe and pervasive harassment of Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

90. By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by Ohio Fair Employment Practices Act §4112.02, *et seq.*

91. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE SIXTH CAUSE OF ACTION
(*OFEPA Retaliation*)

92. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

93. Pursuant to Ohio Fair Employment Practices Act §4112.02, *et seq.* it is unlawful for an employer to retaliate or discriminate against an employee because the employee opposed an unlawful employment practice under the OFEPA or filed a complaint, testified or assisted in any proceeding under the OFEPA.

94. By requesting a religious accommodation for a mini refrigerator for his Kosher religious beliefs, and complaining of harassment and discrimination based upon his religious, Plaintiff opposed an unlawful employment practice and made a charge, testified, assisted or participated in an investigation, proceeding, or hearing within the meaning of Ohio Fair Employment Practices Act §4112.02, *et seq.*

95. By subjecting Plaintiff to offensive and derogatory comments, unwarranted criticisms and complaints, preparing a fictious policy directly solely at Plaintiffs' request for an

accommodation, by allowing Plaintiff to be subject to harassing and derogatory treatment by coworkers despite complaints regarding such, and by denying a religious accommodation and forcing Plaintiff to be unable to fully follow his sincerely held religious customs and beliefs, Defendant retaliated against Plaintiff in violation of the Ohio Fair Employment Practices Act §4112.02, *et seq.*

96. Defendant's acts of retaliation were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

97. As a result of Defendant's retaliatory acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to severe emotional distress, mental anguish and humiliation, pain and suffering.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, punitive damages, along with all

reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. Interest;

H. Costs and disbursements; and

I. Such other and further relief as is just and proper.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 796-4325

Fax: (513) 826-9311

*Counsel for Plaintiff*


_____/s/__Paul Bartels_____
Paul Bartels, Esq.
(*motion for pro hac vice admission forthcoming*)
Bell Law Group PLLC
*Attorneys for Plaintiff*
116 Jackson Avenue
Syosset, NY 11791
(516) 280-3008
Pb@belllg.com

**Counsel for Plaintiff seeking admission Pro Hac Vice**